OPINION
{¶ 1} Defendant-appellant, Wayne Hughes, appeals a decision of the Clermont County Court of Common Pleas quieting title to a piece of property he owns which adjoins property owned by plaintiffs-appellees, Richard and Angela Bart.
 {¶ 2} The two parcels of land at issue in this appeal were part of a larger parcel that was partitioned into four tracts in 1894. During the process of appellees' purchase in November 2000, it was discovered that there was a problem with the legal description because the description did not provide closure for the tract. Because Clermont County began requiring closure of legal descriptions in 1992, a surveyor was hired to prepare a new survey that provided closure.
 {¶ 3} In 1974, a survey had been performed on appellant's tract that provided closure of the description of that tract. The description of appellees' tract in their new survey overlapped a portion of appellant's tract as described in his 1974 survey. An action was filed to quiet title to the properties. The matter was heard in a bench trial on June 29, 2001. The trial court entered a written decision and entry of judgment quieting title to the properties in accordance with the survey prepared on behalf of appellees. Appellant now appeals the trial court's decision, raising the following single assignment of error:
 {¶ 4} "THE COURT ERRED IN USING AREA AS A CONTROLLING FACTOR IN A PROPERTY LINE DISPUTE."
 {¶ 5} Appellant raises three issues within this assignment of error. Specifically, he argues that the trial court used area as a controlling factor, used a different standard to determine the property line in the case of partition than is used for a dispute involving a deed of conveyance, and used facts not in evidence while ignoring facts in evidence.
 {¶ 6} Appellees' survey was conducted by Byrnside Surveying Company. Jerry Rosenfeldt, a registered land surveyor, performed the survey for Byrnside. He testified at trial and discussed how he conducted the survey. Rosenfeldt stated that his first step was to research property descriptions and obtain all the relevant documents going back to 1894 when the property was divided. Based on the original description, he drew a deed abstract from which he determined that all the tracts did not have closure. He next went to the site where he performed an initial reconnaissance and attempted to locate the markers from the original survey and adjoining surveys. Rosenfeldt testified that some of the markers, such as a stone, which were called for in the original description, were no longer there. As part of his information gathering process, he noticed an old fence line. When he used the starting point of the fence as the property boundary, the total acreage was the same amount as was specified on the original description. Rosenfeldt testified that he spent over 22 hours at the site determining the correct boundaries of the tract. He next used all the information to prepare a written survey.
 {¶ 7} At trial, appellant relied on the 1974 survey of his property, performed by Andy Walters. The person who performed the survey did not testify, but another surveyor testified that the Walters survey was performed by following the distances in the original descriptions to close the tract.
 {¶ 8} In its decision, the trial court first looked to the intent of the original partition order for the four tracts and determined that the intent was to divide the large tract into four equal tracts. The trial court found that the location of the division line between the properties was as reflected on the Byrnside survey. The court further found that the Byrnside division line more accurately reflected the grantor's intent and the actual occupancy of the land over a long period of time.
 {¶ 9} In his assignment of error, appellant contends that it was error for the trial court to use area as the controlling factor and to apply a different standard because the case involved a court-ordered partition. Appellant argues that the trial court failed to follow the criteria for determining boundary disputes as stated by the Ohio Supreme Court in Broadsword v. Kauer (1954), 161 Ohio St. 524, 534. InBroadsword, the court stated:
 {¶ 10} "Generally, in determining boundaries, natural and permanent monuments are the most satisfactory evidence and control all other means of description, in the absence of which the following calls are resorted to, and generally in the order stated: First, natural boundaries; second, artificial marks; third, adjacent boundaries; fourth, course and distance, course controlling distance, or distance course, according to circumstances. Area is the weakest of all means of description." Id., quoting 6 Thompson on Real Property (Perm.Ed.), 519, Section 3327.
 {¶ 11} Appellant argues that the trial court erred by using area over distance and by looking at the intent at the time of the partition. However, the record establishes that the trial court did not use area as the controlling factor and did not apply a different standard. First, we note that the standard in Broadsword is not a rigid rule that must be followed blindly in every situation. The section immediately preceding the above quotation states:
 {¶ 12} "A `monument' is a tangible landmark, and monuments, as a general rule, prevail over courses and distances for the purpose of determining the location of a boundary, even though this means either the shortening or lengthening of distance, unless the result would be absurd and one clearly not intended, or all of the facts and circumstances show that the call for course and distance is more reliable than the call for monuments. This rule does not apply when it is evident that the call for a natural object or established boundary line was made under a mistaken belief with reference to the survey." Id.
 {¶ 13} After the section quoted by appellant, the passage continues by stating:
 {¶ 14} "The ground of the rule is that mistakes are deemed more likely to occur with respect to courses and distances than in regard to objects which are visible and permanent. The reason assigned for this rule is that monuments are considered more reliable evidence than courses and distances. A description by course and distance is regarded as the most uncertain kind of description, because mistakes are liable to occur in the making of the survey, in entering the minutes of it, and in copying the same from the fieldbook." Id.
 {¶ 15} Appellant argues that the Broadsword rule requires distance to be used over area in this case. However, by reading these passages carefully and in context, it is evident that the order of criteria for determining boundary lines is a general rule, not a rigid, inflexible one. The passage describes instances in which the general rules do not apply. It also mentions that mistakes are more likely to occur with distances, a concept which Rosenfeldt discussed. Furthermore, the passage also discusses disregarding the general rules when the result is clearly not intended. Thus, the trial court was not required to use appellant's survey simply because the surveyor used distance as the controlling factor.
 {¶ 16} Furthermore, contrary to appellant's argument, the trial court did not use area as the controlling factor by accepting the Byrnside survey as the accurate boundary line. Rosenfeldt discussed his initial study of the documents and how he discovered early on in his investigation that there were inaccuracies in the descriptions because there was no closure. He discussed how measurement in 1894 was very likely to be inaccurate due to the process of measuring by chain links and over differing terrain. Rosenfeldt discussed the general rules quoted above, and also discussed his rationale in using the fence line as a starting point for the boundary. He read from a treatise on surveying which states:
 {¶ 17} "When there is certainty in the location of the boundaries of a parcel of land, when several surveyors would all locate the property in precisely the same place, improvements such as buildings and fences are usually treated as encroachments; but if the survey lines are uncertain from lack of control of known fixed monuments, and several surveyors might place the lines in different places, the fences and improvements are probably better evidence of the original lines of the original parties."
 {¶ 18} When viewed as a whole, Rosenfeldt's testimony establishes that he looked at all the available evidence and followed surveying procedures in making his determination. He stated that he did not intend to set the line to satisfy the acreage on the tract. He stated that he was thrilled when he used the fence as the boundary, ran the line from there, and the numbers came out precisely to the acreage specified in the original partition. The trial court did not err in crediting this testimony and did not apply a different standard to the facts of this case.
 {¶ 19} Finally, appellant argues that the trial court erred in considering certain evidence and ignoring other evidence. Appellant's argument on this issue is somewhat confusing. As mentioned above, the trial court found Rosenfeldt's survey more accurately reflected the original intent of the partition and that there was evidence to support the determination of boundary lines. Rosenfeldt found inaccuracies in the original descriptions and distances and looked at all the available evidence to determine the boundaries. On the other hand, the Walters' survey was performed by following the original distances and closing the tract. We have carefully reviewed the record and the trial court's opinion and find no error in the trial court's consideration of the evidence.
 {¶ 20} In one specific argument, appellant contends that the trial court should not have considered aerial photographs of the property as evidence of the boundary lines. Rosenfeldt testified that the photographs were used by him to determine if the property was being plowed and planted both in 1972 and currently. The trial court used these as "further circumstantial support" regarding where the true boundary line of the property should be placed. We find the trial court did not err in considering the photos as further evidence to support the boundary line determination. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.